THOMAS E. MILLER v. RUTH'S OF NORTH CAROLINA, INC., RUTH'S OF SOUTH CAROLINA, INC., FRANCES JUNE GRIFFIN, ROBERT GRIFFIN, B & H FOODS, INC., B & H, INC. OF CHESTER, AND MID-SOUTH BROKERAGE CO., INC.

No. 8326SC845

(Filed 17 July 1984)

1. **Corporations § 18— sale of stock—subsequent wrongs alleged by shareholder—dismissal of action**

   The judgment in a 1976 action between the parties compensated plaintiff as if he had sold his shares in defendant corporations in 1976, before any "wrongs" were committed, and provided that plaintiff be paid interest on the sale proceeds after that time; therefore, plaintiff's first claim for relief, a shareholder's derivative action, based on events occurring after the 1976 action, and plaintiff's individual claim to compel dividends wrongfully withheld since 1977 must fail.

2. **Master and Servant § 10— no definite term of employment—employment terminable at will**

   Because plaintiff neither alleged nor showed by affidavit that his employment was for a definite term, he was, as a matter of law, an employee at will who could be terminated at will, and summary judgment in favor of defendants on plaintiff's "wrongful termination" claim was therefore proper because plaintiff failed to come forward with a forecast of evidence to support his claim for relief.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 23 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1984.

We refer to the recently filed opinion in a companion case for a complete statement of the facts concerning a 1976 action commenced by plaintiff here against all defendants here except for Mid-South Brokerage Co., Inc. *Miller v. Ruth's,* No. 8326SC847 (filed 19 June 1984). On 3 March 1982, the trial court in that case: (1) concluded as a matter of law that plaintiff's rights as a minority shareholder had been violated by defendant's acts of mismanagement and bad faith and (2) ordered that each defendant corporation purchase at their fair value plaintiff's shares in that defendant corporation. Subsequently, based on a referee's report, the trial court in that case: (1) concluded that "the date for determining the value of plaintiff's shares and damage shall be December 31, 1976" and that "as of 31 December 1976, plaintiff shall sell" his shares in defendant's corporation to the defendant corporations; (2) ordered plaintiff to deliver his shares in defendant corporations to the Clerk of Court; (3) ordered that defendant corporations pay to plaintiff a total of $280,000.00 for his shares and a total of $18,015.00 as damages from acts of mismanagement, together with interest from 1 January 1977; and (4) decreed that upon payment of these amounts, "all defendants shall be discharged from any obligation any of them may have to the plaintiff by reason of all issues resolved by the Court in the judgments entered in this action." We have affirmed that judgment in the above referenced companion case. *Miller, supra.*

In this case, plaintiff filed his complaint against defendants on 15 January 1982, asserting: (1) shareholder's derivative claims based on events occurring since the filing of the previous complaint in 1976; (2) plaintiff's individual claim to compel dividends wrongfully withheld since 1977; (3) plaintiff's individual wrongful termination claim based on events since the filing of the previous claim in 1976; and (4) plaintiff's individual claim for punitive damages for wrongful termination. On 16 February 1982, the trial court entered an order that defendants not be required to file responsive pleadings in this action until further order, ruling that this action involved substantially the same issues as those presented in the 1976 action, which was still pending in Mecklenburg County Superior Court. After judgment was entered in the 1976

action, defendants here filed a motion for summary judgment which was granted on 23 March 1983. From the judgment in this action, plaintiff appeals.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Debra L. Foster, for plaintiff-appellant.*

*Fairley, Hamrick, Monteith & Cobb, by S. Dean Hamrick and F. Lane Williamson, for defendant-appellees.*

EAGLES, Judge.

Plaintiff assigns as error the trial court's granting summary judgment for defendants. We find no error.

[1]    A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). Plaintiff's shareholder derivative action and individual claim to compel dividends are, as a matter of law, barred by the judgment in the 1976 action. The judgment in the 1976 action between this plaintiff and these defendants (except Mid-South Brokerage Co., Inc.) compensated plaintiff as if he had sold his shares in 1976 "[a]s of December 31, 1976," *before* any "wrongs" were committed *and* provided that plaintiff be paid interest on the sale proceeds after that time. Therefore, plaintiff's first claim for relief in the present action, a shareholder's derivative action, based on events occurring after the 1976 action, must fail. The effect of the judgment in the 1976 action is that plaintiff was no longer a shareholder "at the time of the transaction of which he complains." Ownership of shares "at the time of the transaction of which he complains" is an essential prerequisite to maintenance of a derivative action. G.S. 55-55(a). Similarly, plaintiff's individual claim to compel dividends wrongfully withheld since 1977 must also fail because the effect of the judgment in the 1976 action is that plaintiff was not a shareholder after 31 December 1976 and not entitled to dividends after 1976. See G.S. 55-50. For the same reasons, neither of these claims against Mid-South Brokerage Co., Inc. survives, because, according to plaintiff's complaint, Mid-South was incorporated in September 1977.

**[2]** Plaintiff's individual claim for compensatory and punitive damages occurring since 1976 because of his "wrongful termination" as an officer of the Ruth's companies must also fail. In North Carolina it is a settled rule of law that "employment for an indefinite term is regarded as an employment at will which may be terminated at any time by either party." *Roberts v. Wake Forest University*, 55 N.C. App. 430, 434, 286 S.E. 2d 120, 123, *rev. denied*, 305 N.C. 586, 292 S.E. 2d 571 (1982). Because plaintiff here has neither alleged nor shown by affidavit that his employment was for a definite term, he was, as a matter of law, an employee at will who could be terminated at will. Summary judgment in favor of defendants on plaintiff's "wrongful termination" claim was therefore proper because plaintiff failed to come forward with a forecast of evidence to support his claim for relief. See *Cone v. Cone*, 50 N.C. App. 343, 274 S.E. 2d 341, *rev. denied*, 302 N.C. 629, 280 S.E. 2d 440 (1981).

Plaintiff also assigns as error the trial court's entry of the "stay order" on 16 February 1982. Enlargement of time in which to file responsive pleadings is discretionary with the trial judge and we find no abuse of that discretion here. G.S. 1A-1, Rule 6.

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.